■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN V. COLCLOUGH, Appellant.— Judgment, Supreme Court, New York County, rendered on January 21, 1972, affirmed. Concur — Stevens, P. J., McGivern, Markewich and Steuer, JJ.; Murphy, J., dissents in the following memorandum: Mindful of Judge Cardozo's admonition that "A criminal, however shocking his crime, is not to answer for it with forfeiture of * * * liberty till tried and convicted in conformity with law " (*People* v. *Moran*, 246 N. Y. 100, 106), I dissent; although it cannot be denied that the viciousness of the crime committed and the seriousness of the injuries inflicted by defendant on his victim tempt me to join with my associates in affirming the conviction on appeal. Although the original complaint filed in the Criminal Court accused defendant of sexually abusing the complainant, defendant was eventually indicted for, and convicted of, assault. Without elaborating on the details of what occurred in defendant's apartment, the complainant testified that, after his hands were tied, defendant committed acts upon him which clearly constituted sexual abuse in the first degree (Penal Law, § 130.65) in order to satisfy his sexual desire (see Penal Law, § 130.00, subd. 3). In an obvious attempt to avoid the need to corroborate the complainant's testimony (Penal Law, § 130.15), the prosecutor and the trial court proceeded on the theory that they were dealing with an ordinary assault case; and the Trial Judge refused to charge the need for corroboration. Respondent's argument that the prosecution was solely for assault and that any evidence adduced indicating that defendant may also have been guilty of sexual abuse was "purely a superficial byproduct of the People's case" or "an incidental, unavoidable aspect of the People's proof " is patently specious. The courts of this State have consistently refused to permit prosecutors to attempt such circumvention of the statutory corroboration requirement. (See, for example, *People* v. *Lo Verde*, 7 N Y 2d 114; *People* v. *English*, 16 N Y 2d 719; *People* v. *Radunovic*, 21 N Y 2d 186; *People* v. *Young*, 22 N Y 2d 785.) Unlike *People* v. *Moore* (23 N Y 2d 565) (where a robbery conviction was sustained although committed during a rape), the assault involved herein was so intrinsically merged with the sexual abuse as to be inseparable therefrom. Accordingly, on the authority of the above-cited cases, the judgment appealed from should be reversed and the defendant granted a new trial.